UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| B.A.B., a minor, | ) | |
| By and through Kinyata L. Allen, his | ) | |
| Mother and Next Friend, and KINYATA L. | ) | |
| ALLEN, individually, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 4:11 CV 933 RWS |
| | ) | |
| vs. | ) | |
| | ) | |
| THE BOARD OF EDUCATION OF THE | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiffs filed this lawsuit against the Board of Education of the City of St. Louis, Richelle Clark, Lead Nurse for the District, and Lula Franklin, Nurse for the District. This lawsuit arises from B.A.B., a minor, receiving a H1-N1 vaccination at Dunbar Elementary School after his mother indicated she did not consent to the vaccine. On August 29, 2011, Plaintiffs voluntarily dismissed Defendant Franklin from this lawsuit. This matter is before the Court on Defendant Board of Education's Motion to Dismiss [#12] ("BOE"), Defendant Richelle Clark's Motion to Dismiss [#22], and Plaintiffs' Motion for Hearing [#15].

**I.      Background**

Plaintiff B.A.B. was a fifth grade student at Dunbar Elementary School in December 2009. On December 17, 2009, the H1-N1 vaccine was administered to students at Dunbar Elementary School. Prior to the vaccinations, each child took home a form entitled "Influenza H1N1 Immunization Consent and History." Allen, B.A.B.'s mother, indicated she did not

consent to B.A.B. receiving the H1-N1 vaccination by marking the corresponding portion of the form.

On December 17, 2009, B.A.B. told Nurse Franklin that Allen did not want for him to receive the vaccine. Franklin allegedly told B.A.B that he needed the shot regardless of what his mother said because he had asthma. B.A.B. received a H1-N1 vaccination that day.

As a result of B.A.B. receiving the H1-N1 vaccination, Plaintiffs filed this four count lawsuit. In Count I, pursuant to 42 U.S.C. § 1983, B.A.B. asserts a violation his rights under the Fourth Amendment of the United States Constitution against unreasonable searches and seizures. In Count II, pursuant to 42 U.S.C. § 1983, Allen asserts a violation of her rights under the Fourteenth Amendment of the United States Constitution to direct the education of her child and her right to control the care, custody, and medical decisions of her child. In Count III, B.A.B. asserts a negligence claim and in Count IV, B.A.B. asserts a negligent supervision claim.

## II.     Legal Standard

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to Plaintiff. Fed.R.Civ.P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formalistic recitation of elements of a cause of action will not do." Id. (internal quotations omitted). To survive a motion to dismiss a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 555.

### III. Discussion

#### A. Defendant Clark's Motion to Dismiss

Defendant Clark argues the claims asserted against her should be dismissed because she is only sued in her official capacity and all claims asserted against her are redundant of the claims asserted against BOE, her governmental employer.

"[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir.1999). Here, Plaintiffs' Complaint is silent as to the capacity in which Defendant Clark is being sued. Therefore, it is assumed that Defendant Clark is sued only in her official capacity. Id. "A suit against a government officer in [her] official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartles Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). It is proper for a court to dismiss as redundant claims asserted against an official that are also asserted against the official's governmental employer. Id. Each claim Plaintiffs assert against Clark are also asserted against BOE. As a result, I will grant Clark's Motion to Dismiss.

#### B. Defendant Board of Education's Motion to Dismiss

##### 1. Counts I and II

In Count I, B.A.B. asserts a violation of his Fourth Amendment rights against unreasonable searches and seizures. In Count II, Allen asserts a violation of her Fourteenth Amendment rights to direct the education of her child and her right to control the care, custody, and medical decisions of her child.

Generally, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents" on a respondeat superior theory of liability. Monnell v. New York Dep't of Soc. Servs., 436 U.S. 658, 694, (1978). However, a local government may be subject to § 1983 liability for "inadequate training of its employees," City of Canton v. Harris, 489 U.S. 378, 388 (1989), "where (1) the [board]... training practices [were] inadequate; (2) the [board] was deliberately indifferent to the rights of others in adopting them, such that the 'failure to train reflects a deliberate or conscious choice by [the board]'; and (3) an alleged deficiency in the ... training procedures actually caused the plaintiff's injury." Andrews v. Fowler, 98 F.3d 1069, 1076 (8th Cir.1996) (quoting City of Canton, 489 U.S. at 389). "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference" to the rights of its inhabitants can such a shortcoming be properly thought of as a city "policy or custom" that is actionable under Section 1983." City of Canton, 489 U.S. at 389.

BOE argues that Counts I and II must be dismissed because Plaintiffs fail to allege facts in support of their municipal liability allegations. I agree. While Plaintiffs assert facts regarding B.A.B.'s alleged injury, regarding BOE's alleged liability, Plaintiffs merely allege that Defendants "acted pursuant to official policy, custom, and practice of the District," that BOE "failed to sufficiently train, oversee, and/or supervise the District's nursing staff with regard to issues of parental consent," and that Defendant's conduct "shocks the conscience and indicates a reckless, deliberate and callous indifference" to Plaintiffs' constitutional rights. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal,129 S.Ct. 1937, 1949 (2009) (internal citations and alterations

omitted). Plaintiffs' complaint is such a pleading. Plaintiffs recite the elements to their cause of action, assert legal conclusions, and do not assert any facts regarding a training program by the BOE. As a result, I will dismiss Counts I and II of Plaintiffs' Complaint.

### 2. Counts III and IV

In Count III, B.A.B. asserts a claim for negligence against BOE. Plaintiffs go on to assert BOE is liable by *respondeat superior* for Nurse Franklin's actions that gave rise to this law suit. In Count IV, B.A.B. asserts a claim for negligent supervision and argue BOE is liable by *respondeat superior* for Nurse Clark's actions that gave rise to this lawsuit.

BOE argues Counts III and IV fail to state a claim upon which relief can be granted because the claims are barred under the doctrine of sovereign immunity and Plaintiffs have not pled specific facts demonstrating the alleged negligence falls within any exception to sovereign immunity.

"A public school or school district is a state public entity. It is, therefore, authorized to claim sovereign immunity against negligent actions." Patterson v. Meramac Valley R-III School Dist., 864 S.W.2d 14, 15 (Mo.App.E.D., 1993). "Under section 537.600.1, sovereign immunity is waived in automobile cases and cases involving injury caused by a dangerous condition of public property. Additionally, section 537.610.1 provides that sovereign immunity can be waived by the purchase of insurance covering the claims at issue." Hummel v. St. Charles City R-3 School Dist., 114 S.W.3d 282, 284 (Mo.App.E.D., 2003). In Missouri, sovereign immunity is not an affirmative defense, but is part of a plaintiff's prima facie case. Townsend v. Eastern Chemical Waste Systems, 234 S.W.3d 452, 470 (Mo.App. W.D., 2007).

Plaintiffs acknowledge that BOE is entitled to sovereign immunity and that the dangerous

condition and motor vehicle exceptions do not apply in this case. Plaintiffs argue in their Response that the liability insurance exception to sovereign immunity may apply because "it is unclear whether the BOE has liability insurance to cover this case." Plaintiffs Complaint is completely devoid of any factual allegations that the liability insurance exception to sovereign immunity applies to BOE. As a result, I will dismiss Counts III and IV.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Richelle Clark's Motion to Dismiss [#22] is **GRANTED** and Defendant Board of Education of The City of St. Louis' Motion to Dismiss [#12] is **GRANTED.**

**IT IS FURTHER ORDERED that** Plaintiffs' Motion for Hearing [#15] is **DENIED**. A separate order of dismissal will be entered on this same date.

Dated this 23rd day of January, 2012.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE